# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

Kawaskii Antonio Blanche,                                                                   Civil No. 06-3161 PAM/AJB

                 Petitioner,

v.                                                                       **REPORT AND RECOMMENDATION**

Amy Klobuchar and David C. Brown,

                 Respondents.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The petitioner is presently incarcerated at a corrections facility outside the State of Minnesota, pursuant to conviction and sentencing in Hennepin County District Court, Minneapolis, Minnesota. The petition attacks the constitutional validity of the conviction, asserting improper joinder of defendants for trial, prosecutorial misconduct in final argument, unlawful consecutive sentencing, and ineffective assistance of trial counsel. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

Petitioner was convicted pursuant to jury verdicts reached on March 2, 1999, on one count of first degree murder, one count of murder in the second degree–drive-by shooting, one count of conspiracy to commit murder, and one count of crime committed for gang benefit.[1] All of the charges and verdicts relate to the death of Byron Phillips, an 11-year-old-boy who was killed while sitting on

---

[1] State's Memorandum, conventionally filed Appendix, pp.1-4. Jury verdict forms.

the front porch of his home as the result of a gunshot fired from a passing car.  On April 12, 1999, Kawaskii Antonio Blanche was given a sentence of life imprisonment on the first degree murder charge, 180-months on the conspiracy to commit murder charge, and a-year-and-a-day on the crime for gang benefit charge.  The second degree–drive-by-shooting count was merged into the first degree murder charge and therefore did not result in a separate sentence.[2]  Each of the imposed sentences is to be served consecutively to one another and those state sentences were to be served consecutively to a federal term for felon in possession of a firearm that the petitioner was already serving at the time of the state sentencing.  The federal sentence expired on April 11, 2000, and the petitioner in now serving his consecutive state sentences.[3]  See  State v. Blanche, 696 N.W.2d 351, 363 (Minn. 2005).  Respondents move for dismissal of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), alleging that the prisoner failed to file the petition within the mandated one-year period of limitations under the federal statute.

It is the recommendation of the Magistrate Judge that respondents' request that the court deny the application for writ of habeas corpus be granted and that the petition in this matter be dismissed with prejudice based upon the court's lack of jurisdiction to consider a petition filed after expiration of the one-year statute of limitations at 28 U.S.C. § 2244(d).

---

[2]  State's Memorandum, conventionally filed Appendix, pp. 5-6, Judgment and Warrant of Commitment.

[3]  Letter/memorandum dated September 29, 2006, prepared and submitted by the petitioner [Docket No. 9].  Petitioner's submission indicates that he has been and continues to be laboring under various misconceptions and misunderstanding regarding his appeals.  At present he seems to believe that Thomas R. Ragatz, Esq., is representing him in this matter.  To the contrary, however, Mr. Ragatz is an Assistant Attorney General for the State of Minnesota, and most certainly does not represent Mr. Blanche.  The petitioner is not represented by counsel in this case.

**Procedural Background**

Petitioner was convicted pursuant to jury verdicts signed on March 26, 1999, and judgment entered on April 12, 1999. Mr. Blanche did not file a direct appeal and his conviction became final on July 12, 1999. State v. Blanche, 696 N.W.2d 351, 363. Petitioner filed a state petition for post-conviction relief in December 2002. The Hennepin County District Judge who presided at the petitioner's trial also heard the post-conviction action. Id. at 364. The court determined that the petitioner would be allowed to present issues that arguably should have been raised by direct appeal based upon the defendant's right to at least one substantive review. Id. Nonetheless, the petition was denied without hearing. Petitioner appealed the decision to the Minnesota Supreme Court and the action was remanded to the district court for evidentiary hearing on an ineffective assistance of counsel claim. The evidentiary hearing was held on July 7, 2004. Id. The petition for new trial was again denied and the decision was again appealed. Id. The Minnesota Supreme Court affirmed the district court's decision in an opinion issued May 26, 2005. Id. at 351. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before the court was filed in United States District Court, District of Minnesota, on July 31, 2006.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. Smith v. Bowersox, 159 F.3d 345, 346 (8th Cir. 1998)(citing 28 U.S.C. § 2244(d)(1)(A)). The Antiterrorism Act became effective on April 24, 1996. Mills v. Norris, 187 F.2d 881, 882 (8th Cir. 1999)(citing Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999)). The prisoner filed his petitioner in this matter in

United States District Court on July 31, 2006, more than seven years after his conviction became final on July 12, 1999.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered by the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) establishes the one-year period of limitations and provides for its onset and tolling as follows:

The specific grounds for relief asserted in the petition now before the court, i.e., misjoinder of defendants, prosecutorial misconduct in final argument, improper sentencing, and ineffective assistance of trial counsel, are all claims that were previously presented to the Minnesota Supreme Court and were addressed by decision issued May 26, 2005.  State v. Blanche, 696 N.W.2d 351, 363 (Minn. 2005).  None of the issues presented in the petition require consideration of whether onset of the one-year limitations period was deferred as a result of a State created impediment to

federal habeas corpus review, 28 U.S.C. § 2244(d)(1)(B); because of newly recognized rights which are retroactively applicable, 28 U.S.C. § 2244(d)(1)(C); or as a result of newly discovered evidence, 28 U.S.C. § 2244(d)(1)(D). Indeed, all of the claims asserted in the present action could have been alleged by direct appeal, but such direct appeal was never filed in state court. Consequently, the one-year limitations period in this instance commenced on the date on which the time for seeking direct review expired. 28 U.S.C. § 2244(d)(1)(A).

Pursuant to Minn. R. Crim. P. 29.03, subd. 3, petitioner Blanche's conviction became final on July 12, 1999, i.e. 90 days after entry of final judgment by the trial court on April 12, 1999,[4] due to his failure to file a direct appeal. State v. Blanche, 696 N.W.2d at 363. The period of limitations for filing a federal habeas corpus action therefore expired on July 12, 2000. The petition now before the court was not filed until July 31, 2006, and is time barred.[5] Although the prisoner filed a state court petition for post-conviction relief in December 2002, the commencement of those proceedings is of no consequence with respect to the habeas corpus petition in this case because the limitation period was already long expired. Furthermore, the tolling of limitations time that would otherwise have occurred during the course of post-conviction proceedings is meaningless because the allowed time had already long passed. The one-year clock is not reset upon filing of a post-conviction petition. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Simply stated, at the time the petitioner filed his petition for post-conviction relief in December 2006, there was no federal limitations

---

[4] State's Memorandum, conventionally filed Appendix, pp. 5-6, Judgment dated April 12, 1999, and Warrant of Commitment dated April 12, 1999.

[5] The effective deadline for filing this habeas corpus action was July 12, 2001.

period left to toll.  Id.

In a habeas corpus matter, equitable tolling may be applied when extraordinary circumstances which are beyond a prisoner's control make it impossible to file a timely petition.  Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).  Application of equitable tolling requires affirmative misconduct on the part of the respondent or others which caused the delays at issue.  See Shempert v. Harwich Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998).  The petitioner does not allege, and the court does not find the existence of extraordinary circumstances which would apply to equitably toll the statute of limitations in this instance, particularly in the absence of any showing of affirmative misconduct on the part of the respondents or any governmental entity.  See  Shempert, 151 F.3d at 798.  This habeas corpus action is barred by the one-year statute of limitations established at 28 U.S.C. § 2244(d)(1)(A).

Based upon the foregoing discussion, along with the file and all the pleadings, memorandums, and exhibits contained therein, **IT IS HEREBY RECOMMENDED** that respondents' motion for dismissal of the petition for writ of habeas corpus be **granted** [Docket No. 4], and that Kawaskii Antonio Blanche's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be **dismissed with prejudice** [Docket No. 1] based upon the court's lack of jurisdiction to consider a petition filed after expiration of the one-year statute of limitations at 28 U.S.C. § 2244(d)(1)(A).

Dated:      October 24, 2006

　　　　　　　　　　　　　　　　　　　  s/ Arthur J. Boylan

                Arthur J. Boylan
                United States Magistrate Judge

    Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 8, 2006.